# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **RONNING ENGINEERING COMPANY, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | No. 04-2096-CM |
| ) | |
| **ADKINS ENERGY,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff Ronning Engineering Company, Inc. ("Ronning") brings this breach of contract action against defendant Adkins Energy ("Adkins"). The relationship between Ronning and Adkins arises out of a contract between Adkins and Lurgi PSI, Inc. ("Lurgi"), who is not a party to this action. Adkins hired Lurgi as a general contractor to construct an ethanol plant. Lurgi then hired Ronning to design and build a commercial dryer for the plant. Adkins and Lurgi agreed to arbitrate any claims arising out of the Adkins/Lurgi contract, and Ronning agreed in the Ronning/Lurgi contract that it would join any arbitration procedure as Lurgi directed. The Ronning/Lurgi contract also provides separately that Ronning and Lurgi will arbitrate any claims arising out of the Ronning/Lurgi contract. Ronning is not a party to the Adkins/Lurgi contract, and Adkins is not a party to the Ronning/Lurgi contract.

The case is now before the court on Adkins's Motion to Stay Proceedings and Compel Arbitration (Doc. 42). Adkins asks the court to alternatively (1) enforce Ronning's agreement with Lurgi and compel Ronning to arbitrate under the Ronning/Lurgi contract; (2) treat Lurgi's rights against Ronning as assigned to

Adkins, and compel Ronning to arbitrate under the Ronning/Lurgi contract; or (3) use its discretionary authority to stay this case pending arbitration between the parties. The court determines that a discretionary stay is appropriate, but will not compel Ronning to arbitrate.

The court finds that compulsory arbitration is not appropriate in this case for several reasons. First, Adkins has no standing to enforce the Ronning/Lurgi agreement, even if Ronning did agree to arbitrate with Lurgi. Second, although the Ronning/Lurgi agreement may provide that Ronning's performance guarantee is "assignable" to Adkins, there is no evidence that Lurgi has made such an assignment. And third, the court notes that all three parties are now engaged in arbitration. Adkins and Lurgi began the arbitration procedure pursuant to the Adkins/Lurgi contract, and Lurgi elected to bring claims against Ronning within the Adkins/Lurgi arbitration, invoking its right to do so pursuant to the Ronning/Lurgi contract. It therefore appears to the court that any request for the court to compel Ronning to arbitrate is moot.

Although the court will not compel Ronning to arbitrate, the court finds that a stay of this case is appropriate. The court has the discretion to stay litigation involving a non-party to an arbitration procedure. *Coors Brewing Co. v. Molson Breweries*, 51 F.3d 1511, 1518 (10th Cir. 1995) (citation omitted). The court considers three factors in making this decision: (1) whether a stay would promote judicial economy; (2) whether a stay would avoid confusion and inconsistent results; and (3) whether a stay would unduly prejudice the parties or create undue hardship. *See Meadows Indemn. Co. v. Baccala & Shook Ins. Serv., Inc.*, 760 F. Supp. 1036, 1046 (E.D.N.Y. 1991) (cited in *Coors Brewing Co.*, 51 F.3d at 1518).

Notably, here, Ronning is no longer a non-party to the ongoing arbitration proceedings. This fact weighs in favor of staying the instant case. Because the issues in the arbitration proceedings significantly overlap with those in this case, the court finds that it would promote judicial economy to stay this case

pending arbitration.  The court also finds that a stay would avoid inconsistent results, and would not unduly prejudice the parties.  Because Lurgi has now exercised its right to compel Ronning to arbitrate, the court finds that justice will best be served by allowing the arbitration proceedings to continue without parallel proceedings in this court.  The court further notes that the arbitration involves all three parties: Ronning, Adkins, and Lurgi.  This action is only between Ronning and Adkins.  The court finds that the best use of judicial resources is to allow the parties to resolve most, if not all, of their disputes in arbitration, where there exists the lowest chance of piecemeal litigation and the highest chance that all of the parties will fully resolve their disputes.

**IT IS THEREFORE ORDERED** that Adkins's Motion to Stay Proceedings and Compel Arbitration (Doc. 42) is granted in part and denied in part.  The proceedings are stayed, but there is no need to compel Ronning to engage in arbitration.

Dated this 19th day of July 2006, at Kansas City, Kansas.

           **s/ Carlos Murguia**
           **CARLOS MURGUIA**
           **United States District Judge**